Leonard E. DRUMMOND, Jr., Appellee,

v.

Robert F. FROEHLKE, Secretary of the Army, Appellant.

No. 71-1883.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1972.

Decided May 17, 1972.

---

Michael Kimmel, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Walter H. Fleischer, Atty., Dept. of Justice, and John K. Grisso, U. S. Atty., on brief), for appellant.

David E. Trice, Cheraw, S. C., for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and FIELD, Circuit Judges.

PER CURIAM:

The plaintiff was issued an undesirable discharge for unfitness and, after exhausting his administrative remedies, instituted this declaratory action seeking either an honorable discharge or a general discharge. The District Court ordered the undesirable discharge changed to a discharge under honorable conditions. It is from this order of the District Court that the Secretary appeals.

█ The thrust of the plaintiff's complaint is the failure of the Army to comply with the provisions of its own regulations in the procedure incident to his separation. If, in fact, this allegation is valid, the plaintiff was properly entitled to relief. Bluth v. Laird, 435 F.2d 1065 (4 Cir. 1970); Van Bourg v. Nitze, 128 U.S.App.D.C. 301, 388 F.2d 557 (1967). We conclude, however, that in processing the plaintiff's discharge, the Army complied with the pertinent regulations and, accordingly, reverse the order of the District Court.

The plaintiff's discharge under conditions other than honorable was effected under Army Regulation 635–208. Among other things, Paragraph 8 of this regulation provides that the individual being considered for elimination be examined and that a complete report of his mental and physical condition be submitted to the commanding officer. It further provides:

"If there are no disqualifying mental or physical defects sufficient to war-

rant disposition through medical channels, a statement to that effect will be included. The report will also include a statement that the individual was and is mentally responsible, able to distinguish right from wrong and to adhere to the right, and has the mental capacity to understand and participate in board proceedings. If it appears that the existence of a mental or physical disability is the cause or contributing cause of unfitness, a board of medical officers will be convened under AR 40–212."

The plaintiff was examined by a psychiatrist who filed his certificate stating that the plaintiff had no disqualifying mental or physical defects; that he was mentally responsible, and had the mental capacity to understand and participate in the proceedings. These were the appropriate findings required by the regulation. However, in the final paragraph of the certificate the psychiatrist stated that he would recommend that plaintiff be separated under the provisions of AR 635–209. A separation under this regulation would have entitled the plaintiff to a discharge for unsuitability under honorable conditions.

The District Court apparently construed this gratuitous "recommendation" of the psychiatrist as a finding which required the convening of a medical board under Paragraph 8. However, since the examining psychiatrist had found that the plaintiff had no disqualifying mental or physical defects no board of medical officers was required under the regulation. The purpose of convening such a board is to consider whether a medical discharge for physical or mental disability is in order, and since the psychiatrist did not find that a medical discharge would be appropriate there was no basis for calling a medical board. In this regard, it should be noted that the plaintiff himself has never asserted that he had a physical or mental disability which would have entitled him to be medically discharged. Under these circumstances, we conclude that

the District Court misinterpreted the import of Paragraph 8 of the regulation.

Our examination of the record further persuades us that the waivers executed by the plaintiff incident to his discharge proceedings were made voluntarily and intelligently and furnish no basis for procedural challenge.

Accordingly, the order of the District Court is

Reversed.